The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



_____
Mary Ann Whipple
United States Bankruptcy Judge

Dated: March 13 2023

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 22-31438 |
| | ) | |
| Sherry K. Lowe | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor(s). | ) | Hon. Mary Ann Whipple |

**ORDER**

This case came before the court for hearing on March 2, 2023, on Debtor's Motion to Vacate Order for Rule 2004 Exam [Doc. # 65] and Creditor Rachel Money's opposition to the motion [Doc. # 67]. Appearing via telephone were counsel for each of Debtor and Creditor, as well as Creditor Rachel Money.

The docket reflects that Rachel Money filed on December 22, 2022, a proof of claim in the amount of $1,551.38, [Claim # 15-1], at least part of which has since been paid from non-estate resources. Her claim arose out of her services as an independent travel agent generating business bookings for Debtor's former travel business.

The court granted Rachel Money's motion for a Bankruptcy Rule 2004 exam on January 6, 2022. [Doc. # 44]. The motion was unopposed. The Order granting the motion for Rule 2004 Examination provides that it will initially be conducted through interrogatories and document production, with the possibility of a later oral examination and third-party subpoenas. The interrogatories and the list of documents to be produced pursuant to the order are attached as Exhibit A to the Rule 2004 exam motion. It is twelve pages long, candidly appearing extraordinarily disproportionate to the $1,551.38 amount of this creditor's claim although perhaps not to the totality of claims filed to date. *Cf. In re Express One Int'l,*

*Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998). But that issue was not raised before the motion was granted.

Pending the discovery, Rachel Money requested and the court granted extension of the deadline to file complaints objecting to dischargeability of the $1,551.38 claimed to be owed to her and/or to object to Debtor's discharge. The Office of the United States Trustee also requested and obtained extension of the deadlines to file a motion to dismiss or a complaint objecting to Debtor's discharge.

Against this background, Debtor also filed on January 30, 2023, a motion to hold Rachel Money in contempt of the automatic stay based on her activities on social media, [Doc. #60], specifically Tik Tok videos on a Tik Tok channel. Rachel Money's response to the motion for contempt, [Doc. # 66], does not deny that the social media postings documented in Debtor's motion for contempt are not accurate as alleged, or assert that they are inauthentic or were not Rachel Money's post-petition social media efforts. It denies that they violate the automatic stay and raises a procedural issue. Suffice to say for present purposes that the postings are generally profane and inflammatory. One of them solicits contributions to a Venmo account allegedly set up by Rachel Money as a legal fund to "hold them accountable and get some of our money back." Another one reports Debtor's direct dial telephone number (said to be changed now) and encourages her Tik Tok viewers to contact the number. Debtor alleges that on January 27, 2023, she received an anonymous text message at that number that stated as follows:

> Our birthday wish for you today is that you the c**t queen and your c**t daughter are involved in a car crash and go up in a fiery ball of flames dying a slow painful death and that's being nice because you b***h deserve so much worse. Happy Birthday C**t.[1]

Although anonymous, the contents of this text message are of the same general character as and give the reader a flavor for many of the Tik Tok videos.

Debtor's motion for contempt was heard on status on March 2, 2023, along with Debtor's motion to vacate the Rule 2004 exam order. At the hearing, the court agreed that Debtor's allegations and requests for relief, including compensatory and punitive damages and attorney's fees, around violation of the automatic stay by Rachel Money need to be raised by adversary proceeding. An order denying the motion for contempt on that basis, without prejudice, was entered on March 6, 2023. [Doc. # 72]. No adversary proceeding has been commenced since then.

With Rachel Money present at the telephonic hearing on March 2, 2023, her lawyer assured the court that the purposes of the discovery authorized remain as countenanced by Bankruptcy Rule 2004: to determine availability of assets to pay her $1,551.38 claim by examining Debtor's overall financial condition and transactions, to determine whether she has grounds to file a complaint excepting her debt

---

[1] The reader can likely figure out the words used where *s appear in this quotation.

from Debtor's discharge and to determine whether there are grounds to file a complaint objecting to Debtor's discharge. The purpose of the demanded discovery as being intended to harass Debtor and fuel Tik Tok channel content and followers and Venmo legal fund contributions was thus disavowed.

The court agrees with Rachel Money that grounds to vacate the order under Bankruptcy Rule 9024 and Rule 60(b) of the Federal Rules of Civil Procedure have not been shown. The original motion was unopposed. Rachel Money remains a creditor with standing to pursue information under Bankruptcy Rule 2004 even if her claim has been paid down. The United States Trustee is said by Debtor's counsel to be pursuing at least some of the same information. However, given the background described above, to avoid further inflaming an already volatile situation that may generate more litigation and to ensure the integrity and purpose of the bankruptcy process by keeping the parties' eyes on the ball, the court will supplement its January 6, 2023, Order to include a protective order. 11 U.S.C. § 105(a); *see In re Commercial Fin. Servs., Inc.*, 247 B.R. 828, 848 (Bankr. N.D. Okla. 2000) (bankruptcy court's duty first and foremost is to protect the integrity of the bankruptcy process, and in doing so the basic principles of rules governing discovery in adversary proceedings should be considered in connection with determining whether a protective order is appropriate in connection with Rule 2004 discovery).

A separate Protective Order will be entered by the court. The court expects counsel to work out reasonable times for responding and then appearing for oral examination should that occur.

Based on the foregoing, and as otherwise stated on the record by the court at the hearing,

**IT IS ORDERED** that Debtor's Motion to Vacate Order for Rule 2004 Exam [Doc. # 65] is **DENIED**, in part, to the extent that the court will not vacate its January 6, 2023, order, and is **GRANTED**, in part, to the extent that the court will enter a separate protective Order in supplementation of its January 6, 2023, order.

# # #