**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 13 2023

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 22-31438 |
| | ) | |
| Sherry K. Lowe | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor(s). | ) | Hon. Mary Ann Whipple |
| | ) | |

### PROTECTIVE ORDER

    This Protective Order is entered for the reasons described in a separate order of the court entered on March 13, 2023, [Doc. # 75], and in accordance with 11 U.S.C. § 105(a). It supplements and is hereby made part of the court's January 6, 2023, Order on Motion of Rachel Money for an Order Authorizing an Exam of the Debtor, and To Require the Debtor to Answer Interrogatories and to Produce Certain Documents Pursuant to Bankruptcy Rule 2004 [Doc. # 44]. It applies to and incorporates by reference herein Exhibit A attached hereto, which is also the attachment to Creditor Rachel Money's motion for Bankruptcy Rule 2004 examination at Doc. # 34, filed on December 19, 2022. The court has determined that the terms set forth in this Protective Order are appropriate to protect the respective interests of the parties, the public and the court.

    Accordingly, **IT IS ORDERED THAT:**

1. **Scope:** All documents, responses and information produced by Debtor or by any third party that may be subpoenaed in the course of responding to Exhibit A (collectively "the Protected Information") shall be subject to this Protective Order.

2. **Persons Bound.** Rachel Money and any lawyer or other professional representing her are bound by this Protective Order and must be made aware of its contents and provided a copy of it by her current counsel, regardless whether a copy has also been sent by or received from the court.

3. **Use of Protected Information.** The Protected Information must only be used by Rachel Money and her counsel for the following purposes, which are essentially those that have been represented to the court as being the basis for the Bankruptcy Rule 2004 examination.

    (1) Defending any objection to Rachel Money's proof of claim, including any amendments.

    (2) Conducting an oral examination pursuant to the court's Order allowing the Bankruptcy Rule 2004 Examination.

    (3) Prosecuting any complaint to determine dischargeability of debt filed by Rachel Money.

    (4) Prosecuting any complaint objecting to Debtor's discharge filed by Rachel Money.

    (5) Defending any claim, adversary proceeding, application, motion or other action filed by Debtor seeking damages or other relief from or against Rachel Money.

    (6) Defending any motion, adversary proceeding, application or other action filed against Rachel Money by the Chapter 7 Trustee.

    (7) Providing it to and communicating about it with the Chapter 7 Trustee and his designees.

    (8) Providing it to and communicating about it with the Office of the United States Trustee and its employees and designees.

    (9) Communicating with any other government agency.

    (10) Posting, transmitting or disclosing any document filed of record in this Chapter 7 case or in any adversary proceeding arising in or related to this Chapter 7 case or in any appeal in such matters, including if the filing includes Protected Information, unless the filing is separately under seal.

4. **Limitation on Use of Protected Information.** Except as appearing in a filing of record in court, the Protected Information shall not be disclosed or transmitted by Rachel Money to any third party, including in or via Tik Tok, Facebook, Twitter, Instagram, Pinterest, any other internet or digital social media posting, video medium, audio medium, telephone, in person, e-mail, instant message, electronic, document or paper communication however transmitted.

5. **Control of Protected Information:** Rachel Money and her lawyer must take reasonable and appropriate measures to prevent unauthorized disclosure of the Protected Information. Within 30 days after this Chapter 7 case is dismissed or closed, Rachel Money shall return to her counsel any copies of documents containing, constituting or showing Protected Information that have not been

filed of record in a court. Counsel shall in turn transmit those returned documents to Attorney for Debtor, subject to work product and attorney client privilege protections.

6. **Filings Under Seal**. The court will not permit documents containing Protected Information to be filed under seal unless a separate request to do so and an order so authorizing is entered by the court.

7. **Order Subject to Modification.** This Protective Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Protective Order shall be filed and served in accordance with Local Bankruptcy Rules 9013 and 9013-1.

8. **Effective Date**: This Protective Order shall take effect when entered. Unless otherwise ordered, this Protective Order shall survive and remain in effect after this Chapter 7 case is dismissed or closed and any related or arising in matter or proceeding is concluded.

###

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 22-31438 |
| | ) | |
| Sherry K. Lowe | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtors. | ) | Judge Mary Ann Whipple |
| | ) | |
| | ) | |

**EXHIBIT A OF MOTION OF RACHEL MONEY FOR AN ORDER AUTHORIZING AN EXAM OF THE DEBTOR, AND TO REQUIRE THE DEBTOR TO ANSWER INTERROGATTORIES AND TO PRODUCE CERTAIN DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004**

For the purposes of this <u>Exhibit A</u>, the following instructions are indicated below, and the following terms shall have the meanings as indicated below:

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1. The terms "Movant" refers to Rachel Money.

2. As used herein, "person" means natural person or entity, including without limitation, individuals, partnerships, firms, associations, joint ventures, corporations or other entities whether real or fictitious.

3. The word "document" or "documents" as used herein means, without limitation, writings and printed matter of every kind and description, photographs and drawings, records (tape, disc, or other) of oral communications, agreements, correspondence, telegrams, memoranda, summaries or records of telephone conversations, emails, text messages, CD-ROMs, disks, diskettes,

summaries or records of personal interviews, diaries, graphs, reports, notebooks, notes, charts, plans, schedules, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, contracts, agreements, agendas, appraisals, final and preliminary loan opinions, closing sheets or statements, loan applications, promissory notes, security agreements, financing statements, leases, checks, cancelled checks, statistical records, computer printouts, books of accounts, records and invoices reflecting business operations, any notes or drafts relating to the foregoing and all things similar to any of the foregoing however denominated.

4. The term "identify" as used herein in connection with a document or documents means:

(a) state the type of document (letter, memorandum, etc.) and date of the document, the substance of the document, the name and address of the person originating the document, the name and address of the person, if any, to whom the document was addressed, the names and addresses of all persons to whom copies of the document are or were to be sent or have been sent, and the firm or firms with which all such persons were associated at the date of the document;

and

(b) state whether you, or anyone acting on your behalf, are or is in possession of the original of the document or a copy thereof, and if not in possession of the original or a copy, furnish the name and address of the custodian of the original or a copy.

5. In the event any document is withheld on the basis of any legal objection or privilege, you shall indicate the following information for each such withheld document:

(a) the date of the document;

(b) the general character or type of document (i.e., letter, memorandum, notes of meetings,

etc.);

(c) the identity of the person in possession of the document;

(d) the identity of the author of the document;

(e) the identity(ies) of all recipients or holders of the document; and

(f) the legal basis, including, but not limited to, any legal objection or privilege, for withholding the document.

In the event that any interrogatory is not answered on the basis of any legal objection or privilege, you shall indicate the legal basis and facts supporting any such objection or privilege.

6. The term "identify" as used herein in connection with a "person" or "persons" means:

(a) with respect to an individual, state the name, title, present address (or, if unknown, the last known address), employer and exact duties and responsibilities of such individual.

(b) with respect to an association, partnership, corporation, joint venture, union or other organization (1) state the name of the organization, the address of the principal office, the state or country under whose law the organization is organized, and the address of any government agency where the organizational records are filed, and (2) identify the person in charge of the principal office.

7. To "describe in detail" as used herein means:

(a) describe fully by reference to underlying facts rather than by reference to ultimate facts or conclusions of fact or laws;

(b) where applicable, particularize as to (1) time, (2) place, and (3) manner; and

(c) set forth all relevant facts necessary to the complete understanding of the acts, processes, events or other things in question.

8. If any part of these Interrogatories cannot be answered in full, please answer to the extent and in the manner possible, using an estimate if exact figures or detailed records are not available, and specifying if an estimate rather than exact figures or statements have been used.

9. If you claim that any documents are lost or destroyed:

    (a) identify and describe each such document by date, author and recipient;

    (b) provide a brief summary of its contents; and

    (c) explain how and when said document was lost or destroyed.

10. The word "act" as used herein includes acts of every kind and description.

11. The term "identify" as used herein in connection with an "act" means:

    (a) furnish the date and place of the act;

    (b) identify the person acting, the person for whom the act was performed, and the person against whom the act was directed; and

    (c) describe in detail the act.

12. The terms "you" "your" or "Debtor" as used herein refer to Sherry Lowe.

13. The term "Company" shall mean Fairy Tale Concierge, LLC.

14. The term "Petition Date" shall mean the date you filed for bankruptcy relief.

15. The term "or" includes "and."

16. The term "any" includes "all."

# INTERROGATORIES

1. From January 1, 2020, to the Petition Date, please list all compensation you received from the Company, including but not limited to salary and draws. Your answer shall include the date of such compensation and the amount of such compensation.

   **ANSWER:**

2. From January 1, 2020, to the Petition Date, please list all employees of the Company and the total amount of compensation paid to such employees from January 1, 2020, to the Petition Date.

   **ANSWER:**

3. From January 1, 2020, to the Petition Date, please list all independent contractors utilized by the Company and you and the total amount of compensation paid to such contractors from January 1, 2020, to the Petition Date. (Use a separate sheet if necessary). To the extent any such persons are "insiders" as defined in 11 U.S.C. § 101(31), please designate such person.

   **ANSWER:**

4. Please list all government loans taken from January 1, 2020, to the Petition Date, including but not limited to loans under the Federal Paycheck Protection Program and the Federal Small Business Administration. Please include the date of such loan, and the amount of funds received from such loan.

**ANSWER:**

5. For all the above loans, please provide an itemization as to how the funds were utilized and dispersed. Such itemization shall include the date of the disbursement, the amount of disbursement and the entity who received the disbursement. To the extent any such entities are "insiders" as defined in 11 U.S.C. § 101(31), please note that person as an insider.

**ANSWER:**

6. Please list all loans taken by and the Company from January 1, 2020, to the Petition Date which involved a pledge from you and/or of the Company's assets, such as a pledge of credit card receipts and receivables. Please include the date of such loan, and the amount of funds received from such loan.

**ANSWER:**

7. For all the above loans, please provide an itemization as to how the funds were utilized and dispersed. Such itemization shall include the date of the disbursement, the amount of disbursement and the entity who received the disbursement. To the extent any such entities are "insiders" as defined in 11 U.S.C. § 101(31), please note that person as an insider.

**ANSWER:**

8. Please disclose all loans taken by you and the Company from "insiders," as defined in 11 U.S.C. § 101(31), from January 1, 2020, to the Petition Date. Please include the date of such loan, the amount of funds received from such loan, the amount, if any repaid on such loan, and the date of such repayments.

**ANSWER:**

9. Please list all vacations you have taken from January 2020 to the Petition Date. Please include the destination for such vacation, and the amount you and the Company personally paid for the vacation.

**ANSWER:**

10. Please disclose all entities who made any investment in the Company from January 2020 to the Petition. Please include the date of such investment, the amount of funds received from such investment, the amount, if any repaid on such investment, and the date of such payment on the investment. To the extent any such investors are "insiders" as defined in 11 U.S.C. § 101(31), please so designate.

**ANSWERS:**

11. In your words, please describe what FTC Elite Travel is and your involvement with the business.

**ANSWER:**

12. Please disclose any interest you have in FTC Elite Travel.

**ANSWERS:**

13. Please disclose what services, regardless of whether they were compensated, you performed for FTC Elite Travel. To the extent any compensation was received for such services, please disclose the date such compensation was received and the amount of such compensation.

**ANSWER:**

14. Please disclose all assets, including but not limited to accounts, bookings and goodwill, transferred by the Company to FTC Elite Travel. Your Answer shall include the asset transferred, the date of the Transfer and the value of the assets transferred.

**ANSWER:**

16. Please disclose anything of value received by you or the Company from FTC Elite Travel. Your Answer shall include the value received, and the date(s) such value was received.

**ANSWER:**

17. Please disclose all lease agreements you and the Company entered into or were involved with from January 2020 to the Petition Date for the rental of real property. Your Answer shall include the date of the lease Agreement, the date on which such lease Agreement terminated, if any, the other party to the lease agreement, the rent due under lease agreement, and the address of the property subject to the lease agreement.

**ANSWER:**

18. Please disclose all value you personally put into the Company from January 2020 to the Petition Date.

**ANSWER:**

19. Please disclose all entities who made any investment and/or contribution to the Company from January 2020 to the Petition. Please include the date of such investment/contribution, the amount of funds received by the Company from such investment/contribution, the amount, if any repaid on such investment/contribution, and the date of such repayment on the investment/contribution. To the extent any such investors/contributers are "insiders" as defined in 11 U.S.C. § 101(31), please so designate.

**ANSWER:**

20. Please disclose all locations from which the Company operated.

**ANSWER:**

21. Please disclose any other businesses in which you now or have maintained an interest in the past 10 years. For your answer please disclose your relationship to the business, the nature and extent of your ownership interest in the business and the nature of the business operations.

**ANSWER:**

### DEBTOR IS DIRECTED TO PROVIDE THE FOLLOWING DOCUMENTS TO COUNSEL FOR MOVANT

1. All documents related to all the PPP Loans taken by the Company and/or you. Such documents shall include, but are not limited to the applicable applications made for such loans, any applications made for the forgiveness of such loans, any financial statements provided to the lender and any documentation provided by the lender.

2. All documents related to any SBA Loan(s) taken by you or the Company since January of 2020. Such documents shall include, but are not limited to the applicable applications made for such loans, any financial statements provided to the lender and any documentation provided by the lender.

3. All documents related to any Loan taken by you or the Company since January of 2020 in which you and/or the company pledged assets such as credit card receipts and accounts receivable. Such documents shall include, but are not limited to the applicable applications made for such loans, any financial statements provided to the lender and any documentation provided by the lender.

4. All financial statements you and the Company have provided to third parties since January 2020.

5. Copies of all Bank Statements, commencing January 2020 to the Petition Date which you and the Company have utilized. This shall include the second bank account you testified to at the Creditors' Meeting which was utilized by you and the Company.

6. Copies of all lease Agreements which you and the Company have for any real property

rented since January 2020.

7. A redacted copy of your 2020, 2021 and 2022 (when it becomes available) personal federal tax returns, including all attachments.

8. A redacted copy the Company's 2020, 2021 and 2022 (when it becomes available) federal tax returns, including all attachments.

9. Any financial statements or credit applications made by the Company and you for an extension of credit obtained for the years 2020, 2021 and 2022.

10. Please provide statements/ledgers of all PayPal and Venmo Accounts you and the Company have used since January 2020.

11. Please provide the operating agreement for the Company.

12. Please provide a Profit and Loss statement for the Company for the years 2020, 2021, and 2022.

13. Please provided a Balance sheet for the Company for the years 2020, 2021 and 2022.

14. Please provide a ledger of all transactions of the Company for the years 2020, 2021, 2022.